OVERSEERS of the POOR of GUILFORD
*vs.*
OVERSEERS of the POOR of JAMAICA.

A writ or process against the Overseers of the Poor of a town, is in effect against such town, and within the provisions of the 24th section of the Judiciary Act, and must be served at least thirty days before the session of the Court to which it is made returnable.

A citation to appear and show cause why a new trial should not be granted, is within the same provision, and is not taken out of the above mentioned statute by the act authorizing the Court to grant new trials.

*Windham,*
*May,*
*1824.*

THIS was a petition for a new trial, brought before this Court, by the overseers of the poor of the town of Guilford against the overseers of the poor of the town of Jamaica.

The defendants pleaded in abatement that the citation was not

---

* See the case Proctor *vs.* Webber, 1 D. Chip. Rep. 379.

served thirty days before the session of the Court to which it was made returnable.

Windham,
May,
1824.

Guilford
vs.
Jamaica.

*T. Phelps* for the plaintiffs.

*C. Phelps* for the defendants.

SKINNER Ch. J. delivered the opinion of the Court.

Two questions are presented in this case for the opinion of the Court. The first arises under the 24th section of the Judiciary Act, from which it is contended by the petitioner, that twelve days only is required for the service of any writ or process, prior to the return, against overseers of the poor. The other arises under the 2d section of the Statute empowering Courts to grant new trials; and it is contended by the petitioner that twelve days notice is sufficient in all cases of petition for new trial. Considering this a writ or process embraced in the 24th section of the Judiciary Act, it is evident the Legislature in limiting the time of service, intended to distinguish the case in which service was to be made upon a person being the party really in interest, from that in which service was to be made upon the person who by reason of his official character is made the representative, agent or trustee of the party in interest, such party being a body politic. And the reason of the law is apparent from the consideration that in the latter case sufficient time must be given for the corporation to be called together to advise and direct, and this as well for the interest of the corporation, as for the security of the agent, and although overseers of the poor are not named, yet it is the duty of the Court to give such construction to the statute as will meet the intention of the Legislature.

The words of the statute, requiring thirty days notice, are, " Every writ or process issued against any county, town, district, society, trustees, proprietors or other community or corporation."

The Court consider this may with propriety be considered process against a corporation, that is, the town of Jamaica, which is virtually the party, and not the overseers of the poor, or if they were, they may very properly be held as trustees of the town, and therefore embraced in the letter of the statute.

Upon the other question, it is material to remark, that unless the statute authorizing the Court to grant new trials, has expressly appointed a shorter period for the service of the citation than

Guilford
*vs.*
Jamaica.

is limited in the 24th section of the Judiciary Act, there can be no doubt thirty days is required; for the citation must be considered a writ or process, in the language of that section of the statute. The Legislature say the citation shall "be served in the same manner as original writs are by law served, at least twelve days before the sitting of the Court," &c.

If the provision had been, that service should be made *in the same manner*, without adding, *at least twelve days*, there would have been no question but the service must have been thirty days before the session of the Court. For it could not be supposed that the time *when* was not as much included in the expression *manner*, as the *place where*, or the *person upon whom* service was to be made; and if any thing was intended by the after words, *at least twelve days*, &c. it must be understood, that as reference was made to original writs generally, which may not in all cases have required twelve days service before the return, that a shorter period might thereby be excluded.

The process therefore must be dismissed.